UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAYVIEW LOAN SERVICING, LLC,

       Plaintiff,                                      Case No. 10-11693
                                                     Honorable David M. Lawson

v.

ODELL BLACKMON,

       Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR ALTERNATE SERVICE AND TO ADJOURN SHOW CAUSE HEARING

On July 29, 2011, the plaintiff filed a motion for an order to show cause why defendant Odell Blackmon should not be held in contempt for failing to appear for his creditor's examination. The Court granted the plaintiff's motion and entered an order on August 4, 2011, directing the defendant to appear and show cause on August 24, 2011. The plaintiff was ordered to serve the defendant by August 15, 2011. On August 16, 2011, plaintiff's counsel contacted Chambers and indicated that he had been unable to serve the defendant by the deadline established by the Court. The plaintiff requested an extension of the service deadline and the hearing date because it believes the defendant may be evadng service. The Court granted the requested extension, scheduled a hearing for September 20, 2011, and ordered the plaintiff to serve the defendant at his home by September 5, 2011.

On September 16, the plaintiff filed an *ex parte* motion requesting that the hearing scheduled for September 20, 2011 be adjourned and that the plaintiff be allowed to serve the defendant by alternate means because the defendant was evading service. The plaintiff presented three affidavits

detailing seven attempts by the plaintiff's process server to serve the defendant personally at his home.

An order to appear and show cause is a command by the Court, the disobedience of which itself may be punished by contempt. A party who receives notice of an order to appear must present himself to the Court at the proper date and time. Failure to appear may result in the issuance of a warrant for arrest. *See* 18 U.S.C. § 401(3); *In re Campbell*, 761 F.2d 1181, 1186 (6th Cir. 1985).

Before the Court would issue a bench warrant for failure to appear, the Court must be assured that the respondent had actual notice of the show cause hearing. A method of service other than delivery must be reasonably calculated to provide actual notice. *See Dusenbery v. United States*, 534 U.S. 161, 168, 170 (2002) (explaining that the Due Process Clause does not mandate actual notice; rather, a party "*must attempt* to provide actual notice") (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 319 (1950)).

In this case, the plaintiff has made multiple attempts to serve the defendant personally with the show cause order, all of which were rebuffed. The plaintiff has asked permission to serve the order by sending it to the defendant's residence using the United States mail and tacking the order to the defendant's house. The mail has been found to be a method of service that is reasonably calculated to give actual notice. *See Mullane*, 339 U.S. at 319. The plaintiff's proposed methods of service are constitutionally adequate. *See* Fed. R. Civ. P. 5(b)(2)(C).

The Court finds that personal service of the order reasonably cannot be made and the substitute means requested reasonably are calculated to give the defendant actual notice of the proceedings and an opportunity to be heard. The Court further finds that the plaintiff's request for an adjournment is reasonable under the circumstances and will grant it.

Accordingly, it is **ORDERED** that the plaintiff's *ex parte* motion for alternate service and to adjourn the show cause hearing [dkt. #38] is **GRANTED**.

It is further **ORDERED** that the September 20, 2011 show cause hearing is **ADJOURNED** to **October 24, 2011 at 2:00 p.m.**.

It is further **ORDERED** that defendant Odell Blackmon shall appear with counsel in the Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Courtroom 860, Detroit, Michigan, for a hearing **on October 24, 2011 at 2:00 p.m.** at which time the defendant must show cause why he should not be held in contempt of court for his failure to appear for a creditor's examination pursuant to a duly issued and served subpoena.

It is further **ORDERED** that the plaintiff may serve the defendant Odell Blackmon by:

(A) posting a copy thereof, along with a copy of this petition and order for substituted service of process, at the defendant's residence at 38508 Emerald Lane North, Westland, Michigan 48185;

(B) mailing a copy of the same by certified mail (return receipt requested) to the defendant's residence noted above; and

(C) mailing a copy of the same by first class mail to the defendant's residence noted above.

It is further **ORDERED** that the plaintiff must serve defendant Odell Blackmon with a copy of this order in the manner described above **on or before Monday, October 10, 2011**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 20, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 20, 2011.

                                          s/Deborah R. Tofil
                                          DEBORAH R. TOFIL